HERNÁNDEZ v. THE AMERICAN R. R. CO. OF PORTO RICO.

APELACIÓN procedente de la Corte de Distrito de Mayagüez.

No. 735.—Resuelto en abril 24, 1912.

DAÑOS Y PERJUICIOS—TESTIGOS—VERACIDAD.—El hecho de que un testigo haya tenido un grave disgusto con un oficial de una compañía de ferrocarriles, no es por sí sólo suficiente para que se deje de dar el debido crédito a la declaración de este testigo en un pleito contra dicha compañía, sobre todo cuando el tribunal al apreciar dicha declaración está convencido de que es perfectamente lógica y de que está corroborada en puntos esenciales.

ID.—DOLORES FÍSICOS—PÉRDIDA DE TIEMPO—GASTOS MATERIALES.—En el caso de autos se resolvió en apelación, que habiéndose alegado y probado que el demandante sufrió un daño real y positivo en su persona que le ocasionó dolores físicos, pérdida de su trabajo, gastos materiales y cierta imperfección en su potencia auditiva a consecuencia no de su propio descuido, sino de la negligencia de la parte demandada, se ajusta a derecho la sentencia que condena a la compañía demandada a pagar al demandante la suma de $700 y las costas.

Los hechos están expresados en la opinión.

Abogados del apelante: *Sr. N. B. K. Pettingill y Fernando Vázquez.*

Abogado de la apelada: *Sr. José Benet.*

EL JUEZ ASOCIADO SR. DEL TORO, emitió la opinión del tribunal.

El presente es un caso sobre indemnización por daños ocasionados al demandante por la negligencia de la demandada. En la demanda se alega, en resumen, que el 15 de marzo de 1910 el demandante viajaba en uno de los trenes de la corporación demandada como pasajero, habiendo comprado su billete en la estación de Mayagüez y dirigiéndose a la estación de "Limón," de la municipalidad de Lajas. Que al partir de la estación "Filial Amor," el maquinista que conducía la locomotora de dicho tren, negligentemente y con desprecio inaudito de la seguridad de los pasajeros, corrió a gran velocidad y, a los pocos minutos, volcó el tren de primera clase y fué así arrastrado por un gran trecho, sin que el maquinista pu-

diera apercibirse del accidente, ni hubiera medios de hacer que se apercibiera, por no existir conexión alguna de aviso entre la locomotora y los coches de pasajeros. Que también se volcaron los coches de segunda clase y el correo y la locomotora siguió su marcha hasta que se rompió el tope que la unía con el primer carro.

Que con motivo del descarrilamiento y vuelco de los coches, el demandante fué lanzado violentamente de su asiento, recibiendo al caer una fuerte contusión en la oreja izquierda. Que su dolor fué intenso y duró varios días, y que a consecuencia del golpe tuvo que abandonar sus ocupaciones, incurrir en gastos, someterse por muchas semanas a un tratamiento médico y operarse finalmente, habiendo quedado su potencia auditiva disminuída notablemente. Los daños se fijan en la suma de mil dollars.

La demandada en su contestación aceptó la verdad del hecho del descarrilamiento, pero alegó como defensa que no se debió al descuido y negligencia de ninguno de los empleados del tren. Aceptó también la verdad del hecho de que los coches se volcaron, pero negó que el tren marchara a gran velocidad, que arrastrara los coches descarrilados y que la locomotora se rompiera. Y, finalmente, negó que el demandante hubiera sufrido los daños que alega en su demanda.

Celebrada la vista en la que ambas partes practicaron sus pruebas, la Corte de Distrito de Mayagüez, el 16 de diciembre de 1910, dictó sentencia declarando que la ley y los hechos estaban a favor del demandante y ordenando que el demandante recobrara de la demandada la suma de setecientos dollars y las costas.

Contra esa sentencia se interpuso el presente recurso de apelación, señalándose por la apelante en su alegato tres errores, á saber:

1. Que la corte erró al estimar probado que el descarrilamiento se debió a la culpa y negligencia .de la demandada.

2. Que la corte erró al estimar probado que el demandante quedara sordo a consecuencia del descarrilamiento, y

3. Que la corte erró al fijar la cuantía de la indemnización.

Examinemos las pruebas. Con respecto a la causa del accidente, algunos testigos declararon que el tren marchaba a gran velocidad, que ya descarrilados los coches no hubo medio de comunicar al maquinista que parara y la máquina continuó marchando y arrastrando a los coches descarrilados hasta hacerlos volcar. Pero la prueba más concreta sobre este extremo, se encuentra en la declaración del testigo Charles Manes, quien aseguró que el descarrilamiento se debió a la mala colocación de un guardarrail. El testigo no se limita a establecer esta conclusión, sino que entra en amplios detalles y expresa los hechos que le sirvieron de base para llegar a la misma.

Para contradecir la declaración del testigo Manes, la demandada presentó la del testigo Grosgean, ingeniero encargado del servicio de la vía del ferrocarril de la demandada en su sección de Isabela a Ponce. Grosgean comienza por manifestar "que la razón del descarrilamiento no la puede decir porque él no estaba allí," y termina por consignar "que según su parecer la salida del contrarrail fué la causa del accidente:" Pero el testigo manifiesta, además, que él había examinado la vía antes del accidente, deduciéndose de su declaración su tendencia a manifestar que la había encontrado en buenas condiciones. Sólo, pues, en cuanto a este último extremo, la declaración de Grosgean tiende a contradecir la de Manes. Ambos están conformes en que el descarrilamiento se debió a haber saltado el contrarrail, pero discrepan en cuanto a que Manes declara que si el contrarrail saltó se debió a que no estaba debidamente asegurado, mientras Grosgean tiende a dejar la impresión de que estaba colocado debidamente. Grosgean en su declaración admite que al colocarse de nuevo el contrarrail se enclavó del mismo modo que estaba antes pero asegurándolo con más tornillos de rail a rail. La corte sentenciadora optó por la declaración de Manes.

La apelante en su alegato sostiene que la declaración de Manes, debe mirarse con recelo porque él mismo confesó que, momentos después del accidente, tuvo un grave disgusto con un oficial de la compañía, lo que induce a creer que no haya dicho la verdad.

No podemos aceptar como bueno el criterio sostenido por la parte apelante. El solo hecho del disgusto no es suficiente por sí solo para que se deje de dar el debido crédito a la declaración del testigo. Además, aun cuando la corte hubiera mirado al principio con recelo la declaración de Manes, si al relacionarla con las demás que ante ella se prestaron, si al juzgarla en relación con la del testigo de la demandada, ingeniero encargado precisamente de la vía en que ocurrió el accidente, y si al aquilatar todas las circunstancias del caso, se convenció de que estaba corroborada en puntos esenciales y en otros era perfectamente lógica, no cometió error alguno al prestarle entero crédito y al llegar, fundado en ella y en las demás pruebas practicadas, a la conclusión de que el accidente se debió a la negligencia de la corporación demandada.

Eu cuanto al hecho de los daños sufridos y al de la cuantía de la indemnización, la sentencia está claramente sostenida por la prueba de testigos y de peritos.

El demandante sufrió realmente un fuerte golpe. Se le vió manando sangre, luego echado en el suelo y vendado, más tarde en el hospital donde permaneció algunos días, y por último fué tratado y operado por el doctor Lange, quien aseguró que la potencia auditiva del demandante había disminuído a consecuencia del golpe. El doctor Lange cobró al demandante cien pesos y luego convino en setenta y cinco. El demandante ha sido Sargento del Ejército, ha tenido negocios de compra y venta y ha estado colocado como dependiente de muelle en la Guánica Central.

Alegado y probado, pues, cumplidamente que el demandante sufrió un daño real y positivo en su persona que le ocasionó dolores físicos, pérdida de su trabajo, gastos mate-

riales y cierta imperfección en su potencia auditiva, a consecuencia no de su propio descuido, sino de la negligencia de la parte demandada; fijada la indemnización atendidas las circunstancias del caso, dentro del límite establecido por el demandante, (*Díaz* v. *San Juan Light & Transit Co.,* 17 D. P. R., 69), y no habiéndose demostrado por la recurrente la existencia de ningún error fundamental debe declararse sin lugar el recurso interpuesto y confirmarse la sentencia apelada.

*Confirmada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados MacLeary, Wolf y Aldrey.